THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NOAH and REBECCA BASKETT,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C15-1317-JCC<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Plaintiffs' motion for attorney fees (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in part for the reasons explained herein.

## I. BACKGROUND

The underlying facts of this case have been discussed in a previous order. (*See* Dkt. No. 33 at 1–4.) Plaintiffs Noah and Rebecca Baskett filed a motion for attorney fees for the resolved claims, including a claim that Defendants "refus[ed] to pay the withheld depreciation," which was resolved in Plaintiffs favor. (*See id.* at 6.) Plaintiffs seek: (1) $66,747 in attorney fees, with a multiplier; (2) $3,480 in legal assistant fees; and (3) $4,916.86 in litigation expenses and costs. (Dkt. No. 35 at 1–3; Dkt. No. 38 at ¶ 4.) Plaintiffs' counsel Joel Hanson submits 234.2 hours of work, including 12.5 hours of work in bringing this motion, at a rate of $285/hour. (*Id.* at 5–9;

Dkt. No. 38 at ¶ 4.) Defendant objects as to liability. (Dkt. No. 36 at 1–3.) If Defendant is liable, it objects to at least $798 in attorney fees, all legal assistant fees, $3,962.35 in litigation expenses and costs, and any fee multiplier (*Id.* at 3–8.)

## II. DISCUSSION

### A. Entitlement to Fees and Costs

In insurance *coverage* disputes, Washington law grants plaintiffs' attorney fees when "the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract[.]" *Olympic Steamship Co. v. Centennial Ins. Co.*, 811 P.2d 673, 681 (Wash. 1991); *Ainsworth v. Progressive Cas. Ins. Co.*, 322 P.3d 6, 21 (Wash. Ct. App. 2014). However, plaintiffs are not entitled to attorney fees "if the issue is merely a dispute about the value of a claim." *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 930 P.2d 288, 295 (Wash. 1995).

Plaintiffs' successful claim for breach of contract stems from an insurance *coverage* dispute with Defendant. "[C]overage disputes include both cases in which the issue of any coverage is disputed and cases in which 'the extent of the benefit provided by an insurance contract' is at issue." *Id*. Plaintiffs successfully claimed that Defendant breached the contract by "refusing to pay the withheld depreciation.'"[1] (Dkt. No. 1-3 at ¶ 3.10–12; Dkt. No. 33 at 5–8.) The Court's decision hinged on a dispute over whether Plaintiffs purchased a "new" home within the meaning of their insurance policy, thereby entitling them to coverage. (Dkt. No. 33 at 6.) This was not a dispute as to the value of Plaintiffs' insurance policy, but whether the policy extended to Plaintiffs' chosen home. Such dispute was over insurance *coverage* and it is thus appropriate to award attorney fees to Plaintiffs for work performed in the effort to obtain relief

---

[1] Defendant argues that Plaintiffs' claim for "supplemental coverage" is a value dispute. (Dkt. No. 36 at 2.) The Court does not reach this question, because the "supplemental coverage" issue is unresolved. (*See* Dkt. No. 33 at 11 ("However, the withheld depreciation value and whether the cost of repairs exceeded the limits of liability for the Policy remain in dispute."); Dkt. No. 1-3 at ¶ 3.12 (alleging that Defendant refused to pay "supplemental coverage" "on the basis that the total amount owed for repairs did not yet exceed the maximum amount available under the policy")).

on that claim.

### B. Calculation of Fees

Plaintiffs' attorney fees calculation is reasonable. The Court calculates attorney fees by first calculating a "lodestar" amount based on the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended on necessary claim elements. *Bowers v. Transamerica Title Ins. Co*, 675 P.3d 193, 201–02 (Wash. 1983). In contingency fee cases, that amount may be adjusted by an estimation of the risk assumed by the attorney in taking the case on contingency. *Id*. When determining the reasonableness of fees, courts should consider the "purpose for authorizing the collection of such fees." *San Juan City v. No New Gas Tax*, 157 P.3d 831, 845–46 (Wash. 2007).

1. <u>Attorney fees</u>

When determining hours for purposes of a lodestar calculation, courts must first resolve any disputed issues of fact. *Miller v. Kenny*, 325 P.3d 278, 303 (Wash. Ct. App. 2014). Plaintiffs seek fees for 221.7 hours of time. (Dkt. No. 35 at 5–7.) Defendant requests at least 2.8 hours be deducted to account for unsuccessful claims, wasted efforts, and administrative tasks. (Dkt. No. 36 at 3–5.) However, only 2.5 of these hours are truly disputed. (*Compare* Dkt. No. 36 at 4 (requesting a 0.3 hour deduction for "[i]nvestigat[ing] another [unsuccessful] insurance claim whether [Defendant] Country Mutual's adjusters had warned people not to retain a public adjuster), *with* Dkt. No. 35 at 43 (showing that 0.3 hours have already been deducted from Plaintiffs' counsel's time sheets for the same)).

Plaintiffs are entitled to the remaining disputed 2.5 hours in attorney fees. It is inequitable in an insurance fee-shifting dispute to "reduce the fee award by those amounts associated with unsuccessful claims and/or vague descriptions." *Security Ins. Co. of Hartford v. Sea 'N Air Travel*, 2006 WL 1075219, at \*2 (W.D. Wash. Apr. 20, 2006) "[T]o hold otherwise would leave the insured in a worse position than if the insurer had promptly acknowledged its coverage obligations, thereby defeating the Supreme Court's clear intent to make the insured whole." *Id.*

Plaintiffs have voluntarily discounted 4.3 hours of time for unsuccessful claim work. (Dkt. No. 35 at 7.) In light of the Court's equitable interests, the Court will not attempt to parse out the remaining disputed hours, some of which may have involved work on unsuccessful claims, and some of which may have served Plaintiffs' successful claim for breach of contract.

Nor will the Court withhold fees due to Plaintiffs' submitted time sheet redactions. Plaintiffs' redacted time entries largely consist of emails or telephone conferences between Plaintiffs and counsel. (*Id.* at 23.) Presumably, at least some of these entries are redacted because they are privileged conversations. As discussed above, to the extent that such conversations involved unsuccessful claim work, withholding fees would be inappropriate. The Court has not been directed to any case that mandates the disclosure of redacted or privileged information for purposes of attorney fee determinations. Thus, the Court will not withhold such fees, nor will it compel disclosure of those time entries. The Court concludes that 221.7 hours of work on this matter is reasonable.

Plaintiffs also seek 12.5 hours in attorney fees for time spent bringing this motion for fees. (Dkt. No. 38 at ¶ 4.) "[T]ime spent on establishing entitlement to a court awarded attorney fee is compensable where the fee shifts to the opponent . . . ." *Costanich v. Wash. State Dep't of Soc. & Health Servs.*, 194 P.3d 988, 992–93 (Wash. 2008). The Court concludes that 12.5 hours of work on the instant motion is reasonable and compensable.

In sum, the Court awards 234.2 hours of work on this matter, including hours worked in pursuit of attorney fees.

Plaintiffs seek an hourly rate of $285. (Dkt. No. 35 at 7.) "[W]hen attorneys have 'an established rate for billing clients,' that rate will likely be considered as reasonable." *Wash. State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 858 P.2d 1054, 1073 (Wash. 1993). Plaintiffs' counsel Mr. Hanson has an established billing rate of $290 per hour. (Dkt. No. 35 at 8.) The Parties do not contest that Mr. Hanson's hourly rate is reasonable. Thus, the Court approves of Mr. Hanson's $285/hour rate.

1       The Court hereby AWARDS Plaintiffs attorney fees for 221.7 hours of work at

2 $285/hour, a total of $66,747.

        2. <u>Assistant Fees</u>

      The Court may also award reasonable fees for work performed by an attorney's non-lawyer personnel. *Absher Const. Co. v. Kent School Dist. No. 415*, 917 P.3d 1086, 1088 (Wash. Ct. App. 1995).). Plaintiffs seek assistant fees for 29 hours of legal and clerical work at an hourly rate of $120, for a total of $3,480. (Dkt. No. 35 at 10.) Defendant contests these fees on the basis that they are administrative or clerical. (Dkt. No. 36 at 6.) However, the Court need not resolve that question because, in insurance coverage disputes, clerical work by such personnel is compensable "[i]n order to make the insured whole." *Security Ins. Co.*, 2006 WL 10756219, at *2. Thus, the Court AWARDS Plaintiffs $3,480 in assistant fees.

        *a. Costs*

      In insurance coverage disputes, attorney fee awards should include litigation expenses and costs. *Panorama Village Condominium Owners Ass'n Bd. Of Directors v. Allstate Ins. Co.*, 26 P.3d 910, 917 (Wash. 2001). Plaintiffs seek $4,916.86 in costs, (Dkt. No. 35 at 11), $3,962.35 of which Defendant contests as preparation for a trial that did not occur. (Dkt. No. 36 at 6.) However, Plaintiffs are entitled to costs incurred in anticipation of a trial that did not occur. To find otherwise would present would-be plaintiffs who seek attorney fees with an untenable dilemma to ensure compensation for costs; either prepare for trial and never settle or prepare to settle with no intent of trial. This would greatly increase the recognized "disparity of bargaining power between an insurance company and its policyholder." *See Olympic S.S.*, 811 P.2d at 681. Thus, the Court AWARDS Plaintiffs $4,916.86 in costs.

        *b. Fee Multiplier*

      In contingency fee cases, the Court may adjust a lodestar amount by a multiplier—an estimation of the risk assumed by the attorney in taking the case on contingency. *Bowers v. Transamerica Title Ins. Co*, 675 P.3d 193, 201–02 (Wash. 1983). Such "adjustments are 'rare'

under Washington law." *MKB Constructors v. American Zurich Ins. Co.*, 83 F. Supp. 3d 1078, 1086 (W.D. Wash. 2015). Courts in Washington evaluate risk by looking to "the likelihood of success at the outset of the litigation." *Bowers*, 675 P.3d at 204. Plaintiffs argue that there was sufficient risk because "[t]he central issue in the case was the interpretation of insurance contract language which had never before been ruled upon by a court," (Dkt. No. 35 at 1), and that "[i]t was only with the assistance of extrinsic evidence obtained during depositions that the Court was able to rule in Plaintiffs' favor." (Dkt. No. 37 at 7) (citing Dkt. No. 33 at 7).

Nothing in this case guides the Court to conclude that a multiplier is appropriate. Every case involves some risk. Plaintiffs have not demonstrated that, at the outset of litigation, this case was any riskier than a typical breach of contract claim. Courts are often called upon in such cases to interpret contractual terms. Whether the Court required extrinsic evidence at a later date to find for Plaintiffs does not speak to risk at the outset of litigation. Thus, the Court DECLINES to apply a fee multiplier to Plaintiffs' attorney fees.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorney fees (Dkt. No. 35) is GRANTED IN PART. Plaintiffs are AWARDED $66,747 in attorney fees, $3,480 in assistant fees, and $4,916.86 in costs, a total of $75,143.86.

DATED this 23rd day of May 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' MOTION FOR
ATTORNEY FEES
PAGE - 6